UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO TORRES HERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>BAKERSFIELD POLICE DEPT., et al.<br><br>  Defendants. | Case No.: 1:14-cv-00941 - --- - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Pedro Torres Hernandez ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an action pursuant to 42 U.S.C. § 1983 against officers of the Bakersfield Police Department, who Plaintiff asserts used excessive force in the course of his arrest. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, because Plaintiff fails to state a cognizable claim, his complaint is **DISMISSED with leave to amend**.

**I.    Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

1

## II.  Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. *Id.* However, legal conclusions are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Section 1983 Claims

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

## V.     Factual Allegations

Plaintiff alleges Bakersfield Police Department officers were dispatched to his residence on April 10, 2014. (Doc. 1 at 3.) Plaintiff alleges that he was "walk[ing] toward a neighbor's house" holding "a flashlight and table leg" in his hands when two officers told him place the items on the curb and lie down. (*Id.*) According to Plaintiff, he got down in a prone position and was handcuffed by the two officers who then "backed away." (*Id.*) He alleges other officers arrived after he was handcuffed, and Plaintiff "heard the sound of metal being dragged" and coming toward him. (*Id.*) Plaintiff asserts the sound scared him, and he "rolled over to see what that sound coming towards [him] was plus what

was taking place." (*Id.*) Plaintiff alleges he was unable to see because of the lights on a patrol car, but he heard a neighbor yell: "You better roll Pete they're coming." (*Id.*) Plaintiff reports that he then "rolled more," and "rolled into a female officer who immediately yelled, 'hit him, hit him.'" (*Id.*)

Plaintiff asserts that, at that point, he "was between [the officer's] feet and grabbed on her ankles to use her as a shield, and she fell on top of [his] back." (Doc. 1 at 3-4.) He alleges the officer attempted to roll off him, and he "held on and went with her to avoid getting hit." (*Id.* at 4.) Plaintiff maintains that he "never ran, or threw a punch or grabbed the officer in a threatening manner." (*Id.*)

According to Plaintiff, the officers hit him "all over" his body despite his "advanced age" until he was unconscious. (*Id.*) He alleges that he work up at Mercy Hospital with injuries including head trauma that required stables, a broken left forearm, broken hand, a crushed vertebrae, fractured pelvis, and fractures in both legs. (*Id.*) Plaintiff asserts he "was hospitalized for nearly 5 days and left in the jail's infirmary for 2 weeks." (*Id.*)

Based upon these facts, Plaintiff asserts the defendants are liable for the "violation of [his] civil rights under the Fifth and Fourteenth amendments of the U.S. Constitution." (Doc. 1 at 3.)

## VI.    Discussion and Analysis

### A.    Liability of the Bakersfield Police Department

A municipality or other governmental body may be sued as a "person" under Section 1983 for the deprivation of federal rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the Ninth Circuit has determined "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). In *Morris v. State Bar*, this Court considered whether the City of Fresno Fire Department was amenable to suit and held:

> Municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). Other types of governmental associations are only subject to suit under Section 1983 if the parties that created them intended to create a separate legal entity. *Hervey*, 65 F.3d at 792 (intergovernmental narcotics team is not subject to suit). *See also Sanders v. Aranas*, 2008 U.S. Dist. LEXIS 6402, 2008 WL 268972, 3 (E.D. Cal. 2008) (the Fresno Police Department is not a proper defendant because it is a sub-division of the City of Fresno).
>
> ...The City of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983.

*Morris v. State Bar*, 2010 U.S. Dist. LEXIS 36945, at *6-7 (E.D. Cal. Mar. 10, 2010). Notably, several decisions in the Eastern District held sheriff and police departments are not "persons" under Section 1983. *See, e.g., Gonzales v. City of Clovis*, 2013 U.S. Dist. LEXIS 12719 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); *Alston v. County of Sacramento*, 2012 U.S. Dist. LEXIS 95494, at *6-7 (E.D. Cal. July 10, 2012); *Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *6 (E.D. Cal. Feb. 2, 2011).[1] Given its status as a municipal department, the Bakersfield Police Department is not a proper defendant to Plaintiff's Section 1983 claims.

### B. Fifth Amendment

Plaintiff alleges a violation of his civil rights under the Fifth Amendment. However, the Fifth Amendment applies only to actions by the federal government. *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982). There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities or individuals. *Id.* Here, Plaintiff has not made any factual allegations regarding the police officers' connections to the federal government. Thus, Plaintiff fails to state cognizable claim for a Fifth Amendment violation, and the claim is **DISMISSED**.

### C. Fourteenth Amendment

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an

---

[1] Moreover, this rationale is followed by other districts within the Ninth Circuit as well. *See, e.g., Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("the term 'persons' does not encompass municipal departments"); *Ortega v. Chula Vista Police Dep't*, 2010 U.S. Dist. LEXIS 66960, at *2 (S.D. Cal. June 29, 2010) (finding the "Chula Vista Police Department lacks capacity to be sued under Section 1983...").

arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

Here, Plaintiff asserts officers of the Bakersfield Police Department used force upon him after he was handcuffed, and that the use of force continued to the point that he lost consciousness. The Ninth Circuit has determined the use of force upon a person after surrender may constitute excessive force. *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000). Importantly, however, it is not clear that Plaintiff had surrendered to the officers, because he admits that he attempted to roll away and to use the officer as a shield from being beating with a baton. Further, the Court is unable to determine which defendants may be held liable for the use of excessive force. Although Plaintiff names eight "Doe" defendants (Doc. 1 at 1), he fails to fails to identify the two officers who handcuffed him, or explain whether these two officers were among those who hit him with batons.

To state a claim under Section 1983, a plaintiff must allege specifically how each defendant violated his rights, and link each defendant's actions to a violation of his rights. *See West*, 487 U.S. at 48; *Johnson v. Duffy,* 588 F.2d 740, 742 (9th Cir. 1978). In other words, Plaintiff must distinguish the individuals who beat him for the Court to determine whether or not Plaintiff can state a cognizable claim for the use of excessive force against each individual defendant. Because Plaintiff has failed to specifically link any of the defendants to his claim for excessive force, he has failed to state a cognizable claim. Accordingly, Plaintiff's claim for a violation of the Fourteenth Amendment is **DISMISSED**.

### VII.   Conclusion and Order

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez*, 203 F.3d at 1130. A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In this case, it is unclear whether Plaintiff may allege facts supporting his claim for violations of the Fourteenth Amendment. Therefore, the Court will grant leave for Plaintiff to cure the deficiencies identified above by stating facts sufficient to support claims against the individual "Doe"

defendants by linking each of the defendants to his alleged injuries. The amended pleading must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading." As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED** with leave to amend;
2. Plaintiff **SHALL** file a First Amended Complaint within thirty days from the date of service of this Order; and
3. <u>Plaintiff is advised that the action may be dismissed for failure to comply with this Order</u>. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **June 25, 2014**          /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE