UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO TORRES HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAKERSFIELD POLICE DEPT., et al.,<br><br>　　　　　Defendants. | ) Case No.: 1:14-cv-00941 - --- - JLT<br>)<br>) ORDER TO PLAINTIFF TO SHOW CAUSE WHY<br>) THE ACTION SHOULD NOT BE DISMISSED<br>) FOR FAILURE TO PROSECUTE AND FAILURE<br>) TO COMPLY WITH THE COURT'S ORDER<br>)<br>)<br>)<br>) |

　　　　Pedro Torres Hernandez ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action for a violation of his civil rights pursuant to 42 U.S.C § 1983.  On June 25, 2014, the Court dismissed screened Plaintiff's complaint pursuant to 28 U.S.C. 1915(e)(2), and dismissed the complaint with leave to amend.  (Doc. 4.)  Plaintiff filed a motion for an extension of time to file an amended complaint, which was granted by the Court on July 18, 2014.  (Docs. 5-6.)  The Court ordered Plaintiff to "file his first amended complaint **no later than August 15, 2014**."  (Doc. 6 at 2, emphasis in original.)  Although the Court warned Plaintiff that "**no further extensions of time will be granted absent a showing of exceptional good cause**" (*id.*), Plaintiff failed to file an amended complaint.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to prosecute and failure comply with the Court's order. Alternatively, Plaintiff SHALL file his first amended complaint within the same 14-day period.

IT IS SO ORDERED.

Dated:   **August 19, 2014**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE